

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. B. Burke
County Judge, Irion County
Mertzon, Texas

Dear Sir:

Opinion No. O-5915
Re: Can Grand Jury and/or
District Judge order
audit of county of
1965 population for
other than the purposes
and manner stipulated
by Article 1638?
And related questions.

This will acknowledge receipt of your recent communication. Although your office is not one which we are directed to advise under Article 4399, Revised Civil Statutes of Texas, 1925, inasmuch as you have no officer in your county named in said article, and said matter inquired about might seriously affect the orderly conduct of your county's affairs, we are constrained to answer your questions under such circumstances.

Your letter, omitting the formal parts, and with each question therein numbered by us for convenience in answering, is as follows:

"(1) I would like for you to give me an opinion as to whether or not a Grand Jury and/or District Judge can order an audit of the finances of a county having a population of 1963, according to the 1940 Federal Census, other than the purposes and manner stipulated in Article 1638, supra.

"(2) It is my understanding of the Statutes relating to the powers given District Judges to select and appoint auditors for auditing county finances, that such act on the part of District Judges has to be predicated by a resolution or order of the Commissioners' Court of the county desiring the audit of counties affected thereby, duly passed by said Commissioners' Court and minutes made of their action and certified to the District Judge of the District in

THIS IS NOT CONSIDERED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIS

which jurisdiction is had.  Is this correct.

"(3) Irion County Commissioners' Court
duly passed at a regular meeting of said court,
a resolution showing a necessity for having an
accounting of their records of all offices as we
understand was prescribed by article 1641, Civ.
Statutes of 1925. We advertised for bids to be
submitted at our next regular meeting and upon
receipt of several bids, let the contract to the
lowest bidder, all of said bids coming from Certi-
fied Public Accountants of Texas.  Did we conform
to the law?

"(4) In the face of this, the District Judge
of this District ordered another audit, Did he have
any authority of law for his action?

"The fact that this county has no County At-
torney, or County Auditor, and this having been a
controversial question for some months, I, as County
Judge of Irion County, Texas, will appreciate your
handing down an opinion on this matter, if at all
possible, which will reach me not later than the 11th
day of March, 1944.* * *"

Article 1646a, Revised Civil Statutes of Texas, 1925,
provides as follows:

"The commissioners' court of any county
under twenty-five thousand population according to
the last United States census may make an arrange-
ment or agreement with one or more other counties
whereby all counties, parties to the arrangement
or agreement, may jointly employ and compensate a
special auditor or auditors for the purposes speci-
fied in articles 1645 and 1646. The county commis-
sioners' court of every county affected by this arti-
cle may have an audit made of all the books of the
county, or any of them, at any time they may desire
whether such arrangements can be made with other
counties or not; provided the district judge or grand
jury may order said audit if either so desires."

(Underscoring ours)

Article 1645, of said Statutes, refers to the appointing of an auditor in any county having a population of 35,000 inhabitants, or over, according to the preceding Federal Census, or having a tax valuation of fifteen million dollars or over, according to the last approved tax rolls, and sets his term of office and compensation.

Article 1646 of said Statutes, provides a method whereby an auditor can be appointed in any county not mentioned and enumerated in the above mentioned Article 1645.

Both of the next above mentioned articles refer to the appointment of a regular county auditor and not a special auditor as provided in Article 1646a, supra, therefore the reference to them in said Article 1646a is meaningless.

In this connection and in order to clarify the meaning of said Article 1646a, we will next hereafter set out the pertinent parts of Article 1641 of said Statutes and then follow same with quotations from a letter of date October 5, 1931, written by the then First Assistant Attorney General, Bruce W. Bryant, to the Honorable R. T. Burns, County Attorney, Huntsville, Texas.

Said Article 1641, provides, in part, as follows:

"Any commissioners court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant to audit all or any part of the books, records, or accounts of the county; or of any district, county or precinct officers, agents or employes, including auditors of the counties, and all governmental units of the county, hospitals, farms and other institutions of the county kept and maintained at public expense, as well as for all matters relating to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct, willful omission or negligence in records and reports, misapplication, conversion or retention of public funds, failure

in keeping accounts, making reports and accounting for public funds by any officer, agent or employe of the district, county or precinct, including depositories, hospitals, and other public institutions maintained for the public benefit, and at public expense; or that in the judgment of the court, it is necessary that it have the information sought to enable it to determine and fix proper appropriation and expenditure of public moneys, and to ascertain and fix a just and proper tax levy.' " *"

The quotations from said letter of October 5, 1931, are us follows:

"* * * The Revised Civil Statutes were adopted at the regular session of the 39th Legislature, and became effective September 1st, 1925. The Revised Civil Statutes were included in one bill, and the provisions thereof were entirely separate and distinct from the other Acts of the Regular Session of the 39th Legislature.

"Chapter 104, Acts of the Regular Session of the 39th Legislature, provided for the publication of the Revised Civil Statutes, the Penal Code and the Code of Criminal Procedure, and then provided that the Governor should appoint a lawyer of experience and ability to prepare said volumes for publication, as directed in said Act. Sections 3, 4, 5 and 6 of said Chapter instructs the lawyer so appointed as to how he shall prepare said statutes for publication. These sections read, respectively, as follows:

"'Sec. 3. Where any article in said Revised Statutes or Codes has been expressly repealed by the Thirty-ninth Legislature said article shall be omitted from said volume, and in lieu thereof, there shall be inserted a statement to the effect that said article has been repealed, and the page of the session acts containing said repealing statute.

"Sec. 4. Where any article in said Revised Statutes or Codes shall have been amended and re-enacted by the Thirty-ninth Legislature, said article shall be omitted and the article as amended and re-enacted shall be inserted in lieu thereof, with notes or reference showing the date of the Statute by which said article was amended, and the page of the session acts in which said Statute appears.

"Sec. 5. When any article, chapter, or title of said Revised Statutes or Codes has been modified by an act of said Legislature, but the same is not amended and re-enacted, then said article, chapter, or title shall be retained in said volume, and the act modifying the same shall be inserted immediately after such article, chapter, or title, together with like notes or references, as hereinabefore provided.

"Sec. 6. Full and accurate indices to said Codes and the Revised Statutes shall be attached to each of said Codes and to the Revised Statutes respectively. The supervisor to be appointed shall have authority to correct evident typographical errors and inaccuracies found in said Revised Statutes and Codes."

"By Chapter 80, acts of the Regular Session of the 38th Legislature, articles 1459a and 1459b were added to the Revised Civil Statutes of 1911. These articles were brought forward in the Revised Civil Statutes of 1925 as Article 1641.

"By Chapter 67, Acts of the Regular Session of the 39th Legislature, Article 1459c was added to the Revised Civil Statutes of 1911. This article reads as follows:

"'Article 1459c. The commissioners' court of any county under twenty-five thousand population according to the last United States

census may make an arrangement or agreement
with one or more other counties whereby all
counties, parties to the arrangement or agree-
ment, may jointly employ and compensate a
special auditor or auditors for the purposes
specified in Articles 1459a and 1459b.  The
county commissioners' court of every county
affected by this article may have an audit
made of all the books of the county, or any
of them, at any time they may desire whether
such arrangements can be made with other
counties or not; provided the District Judge
or grand jury may order said audit if either
so desired.'

"Chapter 67 links up with Chapter 80, Acts of
the 38th Legislature, and the two together make a com-
pleted not within themselves.  Bearing in mind that
Article 1641, Revised Civil Statutes of 1925, con-
tains both Articles 1459a and 1459b, as created by
Chapter 80, Acts of the Regular Session of the 38th
Legislature, then it naturally follows that Article
1459c, as created by Chapter 67, Acts of the Reg-
ular Session of the 39th Legislature, should have
been brought forward in the Revised Civil Statutes
by the attorney employed by the Governor under
Chapter 104, supra, as Article 1641a and not as
1646a, as was done.  Why the learned attorney who
did this work could have made such a mistake is
difficult of explanation.

"You will note in Article 1646a, as it
appears in the Revised Civil Statutes, that he
refers to Articles 1645 and 1646 when it should have
referred to but a single article - 1641.  Again, you
will note that Article 1646a provides that the com-
missioners' court of any county of 25,000 population,
according to the last United States census, may make
an arrangement or agreement with one or more counties,
whereby all counties, parties to the agreement or
arrangement, may jointly employ and compensate a

Honorable N. S. Burke, page 7

special auditor or auditors for the purposes specif-
ied in Article 1645 and 1646. By referring to Arti-
cles 1645 and 1646, it is seen that those articles
simply provide for the appointment of county auditors
without enumerating any duties or purposes whatever.
But if said article 1646a had its proper setting in
the Statute as 1641a, then its application to the
foregoing Article 1641 is readily apparent.

"If you have the Revised Civil Statutes, as
printed and distributed by the State of Texas, before
you and will examine the same, you will see that they
are not certified to by the Secretary of State as
being an exact copy of the bill which passed the Legis-
lature and as approved by the Governor.  This is be-
cause of the changes made in the original bill by the
attorney employed by the Governor under the authority
of Chapter 104.

"With the above explanations the questions
submitted by you are simplified, and county com-
missioners of counties under 25,000 population may,
either alone or in conjunction with other counties
which have a population of less than 25,000 in-
habitants, make an arrangement whereby they may
jointly employ and compensate a special auditor or
auditors for the purposes specified in Article 1641.
Such an auditor is a special auditor, and is an
entirely different auditor from that of county au-
ditor whose office is authorized under Articles
1645 and 1646 and whose duties are prescribed in the
articles following.  * * *"

We concur with the conclusions reached above.

Also in our opinion No. 0-4988, of date January
9, 1943, which was in regard to Irion County also, it was held
as follows:

"* * * such statute (1646a) authorized an
audit of county affairs and finances in a county
under 25,000 population upon an order of the dis-
trict judge or grand jury regardless of whether or
not such audit was desired by the commissioners'
court."

Our Opinions No. 0-4783 and No. 0-1137, hold in accordance with the next above mentioned opinion.

In the light of the above, the answer to your question No. 1 is that your county being under twenty-five thousand population according to the last United States Census, said Article 1646a applies and either your grand jury or district judge may order an audit for such purposes.

If you mean by your question No. 2 the appointing of a _regular_ or _permanent_ county auditor under Article 1646, mentioned above, then your understanding is correct, but if you mean, as we must presume from your letter, the appointment of a _special_ auditor for the purposes set out in Article 1641, supra, we must answer your question No. 2 in the negative and attach hereto our Opinion No. 0-4986, referred to above, in support of our holding.

We cannot answer categorically your question No. 3 as we do not have sufficient facts before us. The provisions of said Article 1641 should be followed carefully.

We answer your question No. 4 in the affirmative, and cite our attached opinion No. 0-4986 and also Opinion No. 0-1137 referred to therein, which we attach hereto.

Hoping the above fully answers your questions, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 10, 1944

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore*

Robert L. Lattimore, Jr.
Assistant

RLL:RP



APPROVED
OPINION
COMMITTEE
BY